UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| WILLIAM HESS, *et al*, § § §<br>Plaintiffs, §<br>VS. §<br>§<br>BUMBO INTERNATIONAL TRUST §<br>F/K/A JONIBACH MANAGEMENT §<br>TRUST, *et al*, §<br>§<br>Defendants. § | CIVIL ACTION NO. 6:12-CV-00040 |

## **ORDER**

This is one of several product liability actions that Plaintiffs' counsel has filed in this Court involving the Bumbo Baby Seat, an infant seat manufactured by Defendant Bumbo International Trust, a South African entity. For the reasons provided in *Groesbeck v. Bumbo Int'l Trust*, No. 6:13-CV-00003, 2013 WL 3157922 (S.D. Tex. June 20, 2013) and discussed below, the Court **TRANSFERS** the action to the District of Arizona pursuant to 28 U.S.C. § 1404(a).

Plaintiffs, residents of Marana, Arizona, brought this action after their infant child flipped out of a Bumbo Baby Seat and fell to the floor. Plaintiffs obtained their Bumbo Baby Seat in Arizona and the accident occurred there. Docket Entry No. 1 ¶¶ 5, 14–15.

Though Defendants in this case did not seek a transfer of venue as they did in *Groesbeck*, the Court may nevertheless transfer venue *sua sponte*. *See* 28

U.S.C. § 1404(a) (allowing court to transfer case based on "convenience" and the "interest of justice" without requiring a motion as other sections of the same statute do); *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 761 (5th Cir. 1989) ("Such transfers [under section 1404(a)] may be made *sua sponte*." (citation omitted)); *Caldwell v. Palmetto State Sav. Bank*, 811 F.2d 916, 919 (5th Cir. 1987) ("Under the transfer statute, a district court may transfer a case upon a motion or sua sponte." (citations omitted)); *see also Robles v. USA Truck, Inc.*, No. L-08-122, 2009 WL 677835, at *4 (S.D. Tex. Mar. 12, 2009) (collecting cases).

In *Groesbeck*, the Court applied section 1404(a) to a similar situation in which the plaintiffs resided in Utah, the Bumbo Baby Seat was purchased in Utah, and the injury occurred in Utah. *Groesbeck*, 2013 WL 3157922, at *4–5. The Court conducted an in-depth analysis of the private and public interest factors articulated in *In re Volkswagen of Am., Inc.*, 545 F.3d 304 (5th Cir. 2008) (en banc), concluding that transfer was warranted based on "Utah's local interest in adjudicating the matter, the location of the evidence, the availability of compulsory process to secure attendance of nonparty witnesses, and the lower cost of attendance for willing witnesses." *Id.* at *5. The Court also noted that the existence of personal jurisdiction in Texas involved a difficult general jurisdiction analysis, *see Groesbeck*, 2013 WL 3157922, at *2; *see also Hess v. Bumbo*, --- F. Supp. 2d ----, No. 6:12-cv-00040, 2013 WL 3157917, at *3 (S.D. Tex. June 20,

2013) (stating that general jurisdiction is a "close call"), whereas the specific jurisdiction issue in the venue where the injury occurred was simpler, and, in that case, conceded.

Although the nature of the alleged injuries in *Groesbeck* may mean there are more witnesses where the plaintiff resides in that case than in this one, the other factors that led the Court to transfer in *Groesbeck* apply here.[1]  The plaintiff does not reside in this district, lessening the deference afforded the plaintiff's choice of forum. Arizona is where the product was obtained, the injury occurred, and plaintiff was treated.  The location of all these events in a single district affects a number of the *Volkswagen* factors*, see Groesbeck*, 2013 WL 3157922, at *4–5, with "the local interest in having localized interests decided at home" being the most compelling factor supporting transfer.  *In re Volkswagen of Am.*, 545 F.3d at 315.  Despite the fact that some safety decisions about the Bumbo seat were made in the Southern District of Texas, *see* Docket Entry No. 1 ¶ 3,[2] Arizona has a much stronger interest than Texas in hearing a case involving allegations that Arizona residents were injured by an unsafe product in Arizona.  Especially in this day of

---

[1] While it is true that the Court is ordering transfer later in this litigation than it did in *Groesbeck*, the Court does not believe that transfer will result in any significant delay in the resolution of the matter.  In any event, the other private and public interest factors outweigh any delay that may result from transfer.

[2] Those decisions, however, were made in Conroe, which is in the Houston Division of the Southern District, lessening the local interest of the Victoria Division in this dispute.  *Cf. In re Radmax, Ltd.*, 720 F.3d 285 (5th Cir. 2013) (clarifying the role of divisions in the venue analysis).

public skepticism of jury service, the duty "ought not to be imposed upon the people of a community which has [minimal] relation to the litigation." *In re Volkswagen AG*, 371 F.3d 201, 206 (5th Cir. 2004) (per curiam); *see also Gapp v. Linde Gas N. Am., LLC*, No. H-10-4642, 2011 WL 1770837, at *3 (S.D. Tex. May 9, 2011) ("[J]urors in the Southern District of Texas should not be required to commit their time to resolve a dispute from [outside the district]." (citation omitted)).

Accordingly, the Court **TRANSFERS** the matter to the District of Arizona. The Court will enter a separate order of transfer.

**IT IS SO ORDERED.**

**SIGNED** this 13th day of August, 2013.

_____
Gregg Costa
United States District Judge